Spear, J.
The plaintiff in error, Thomas H. Mitchell, was prosecuted before the mayor of the village of Cedarville, Greene county, for a violation of the act of February 23, 1906, entitled: “An act to provide for the' enforcement of local option laws prohibiting the sale of intoxicating liquors as a beverage,” and incorporated in the Revised Statutes as sections 4364-30» to 4364-30zh, inclusive. Affidavit was' filed March 29, 1906, and the trial, beginning April 17, 1906, terminated April .26, 1906, with a finding of guilty by the mayor and a sentence of a fine of $200 and costs and to stand committed to the workhouse at Xenia and labor at the rate of sixty cents per day until the fine and costs should be paid or he be otherwise discharged according to law. From this judgment and sentence error was duly prosecuted by the accused to the court of common pleas of Greene county by which court the judgment of the mayor was affirmed. Within thirty days after the said judgment of affirmance the accused, after proper notice to the state, duly presented his peti *349 tion in error to the Honorable Theodore Sullivan, one of the judges of the circuit court of Greene county (the court itself not being in session, having theretofore closed its spring term and adjourned sine die), who, on consideration thereof, ordered that said petition in error should be filed in said circuit court and directed an entry of such allowance to be placed on the journal to the effect that for good cause shown leave is given plaintiff in error to file his petition in error, which entry was duly made on the journal of the court and the petition in error filed therein.
At the April term, 1907, of said circuit court, the cause coming on to be heard upon the petition in error, pleadings and transcript of the order and judgment of the court of common pleas, the court, upon consideration, dismissed the petition in error for want of jurisdiction in the court to try and determine the errors complained of for the reason that leave to file the petition in error had not been first obtained as required by law.
• It will be seen, therefore, that the question here is whether or not the allowance by a judge of the circuit court of leave to file a petition in error presented by a person convicted under the sections of the statute hereinbefore referred to, made by such judge in vacation, gives to that court jurisdiction to try and determine the errors complained of; and that is the only question.
It is argued by counsel for plaintiff in error that they took, in the interest of their client, all steps then possible to obtain a review in the circuit court, and ought not to be forbidden opportunity for such review simply because that court was not *350 then in session and would not be for more than thirty days after the rendition of the judgment of the common pleas; that the benign spirit of our law intends to afford the right of review in all cases which, upon application, commend themselves to the court as worthy of review; that, with respect to violations of all penal statutes other than the local option statutes, authority is not confined to the court itself but is lodged in the judges thereof and that an allowance if obtained of leave to file a petition in error gives to the court itself jurisdiction to pass upon and adjudicate the errors complained of; that this spirit and intent is abundantly shown by sections 7356, Revised Statutes, and following, which provide that in any criminal case a judgment of any court inferior to the circuit court may be reviewed in the circuit court, and recognize the authority of one judge of the court to allow the filing in the court of the petition in error, and that to hold in the present case that such authority may not be exercised save by the whole court where as in this case the court could not be reached within the time prescribed is to nullify and defeat the right to prosecute error altogether.
It must be conceded that there is much force in this contention, for, to the judicial mind, especially to old-fashioned people, it will create surprise to find, if it be true, that the opportunity to obtain a review of a judgment of conviction of violation of the liquor laws, which is a misdemeanor, is hedged about with more difficulties, and more impossible conditions, than in a case of felony, burglary or arson for instance, and any court would reach the *351 conclusion that such is indeed the fact with extreme reluctance. And yet it all depends upon statutory provisions. Recurring now to the sections already cited bearing upon the matter of review we find the following:
“4364-300 g. No petition in error shall be filed in any court to reverse any conviction for violation of any law prohibiting the sale of intoxicating liquors in any territory or district or to reverse any judgment affirming such conviction except after leave granted by the reviewing court and no such leave shall be granted except after good cause shown at a hearing of which counsel for the complainant in the original case shall have had actual and reasonable notice.”
“4364-30^/1. Such petition in error must be filed with such reviewing court in not more than thirty days after the judgment complained of, and the case shall be heard by the reviewing court within thirty days from such filing, provided that nothing in this or the preceding section shall be construed to confer any right of review in such cases in addition to that which is now provided bv law.”
Of course it is apparent at a glance that this legislation introduces an incongruous element, which, as counsel insist, does neutralize the ’ benign spirit of the general provisions of our law as to reviews on error, for the existence of which it is difficult to perceive any sufficient reason. It may be, and probably is, important in all liquor legislation, to make requirements as to the conduct of this business which seem arbitrary at first blush but which may be necessary to neutralize and de *352 feat the disposition on the part of dealers to resort to subterfuge and evasion to defeat the purpose of the law, and such provisions, where necessary, are not deemed unreasonable or unduly oppressive. But reasoning which would justify provisions of the kind above indicated does not support or apply to the methods of review in a higher court, which usually are governed by judicial considerations, and which, it would seem, might properly be made uniform as to all offenses of the same grade. But, when all is said, it presents a case of statute against statute, a situation where the rule that where a special statute on a particular subject conflicts with a -more general statute on the same subject the former will be held to prevail. It cannot with any show of authority we suppose be doubted that the question to what extent and in what manner reviews of criminal procedure in the lower courts may be permitted is purely a legislative question, and that, so long as no guarantee or inhibition of the constitution is violated, the extent to which it shall be granted or the manner in which it may be exercised is not a subject of control by the courts, the right to review not being a constitutional right. And it being within the legislative competency to grant or withhold the right'of review on error the exercise of such right, therefore, when granted, may be made subject to such conditions as the general assembly, in its wisdom, may prescribe. Wagner v. The State, 42 Ohio St, 537; The State v. Budd, 65 Ohio St., 1.
Giving effect to the specific provisions of sections 4364-30^ and 4364-3ozh, we are constrained *353 to hold that the allowance by one judge of the motion for leave to file petition in error did not give the circuit court jurisdiction of the case, and that the dismissal of the petition in error by that court was not error.

Judgment affirmed.

Price, C. J., Si-iauck, Crew, Summers and Davis, JJ., concur.